FILED'10 MAY 27 16:50USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JAMES ALLEN DOUGLAS,                                    CV. 10-210-PA

    Petitioner,                                         ORDER

  v.

STATE OF OREGON,

    Respondent.

PANNER, District Judge.

On May 5, 2010, the court dismissed this case without prejudice based upon petitioner's apparent failure to satisfy the court's March 11 Order that he pay the filing fee within 30 days. On May 13, 2010, petitioner filed a Motion for Reconsideration containing documentation to show that he did, in fact, pay the filing fee. Because it is now apparent that petitioner timely paid the filing fee, the court grants his Motion for Reconsideration and orders that the case be reopened.

1 - ORDER

The court's initial review of the Petition for Writ of Habeas Corpus reveals that the pleading contains no formal grounds for relief on the form required by Local Rule 81, nor does the Petition describe how any claim he seeks to make was fairly presented to Oregon's state courts. In these ways, the Petition for Writ of Habeas Corpus is deficient.

In addition, petitioner names the State of Oregon as the respondent to this action. "The proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian.'" *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992)(quoting *Demjanjuk v. Meese*, 784 F.2d 1114, 1115 (D.C. Cir. 1986) (Bork, J., in chambers); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). "A 'custodian' is the person having day-to-day control over the prisoner." *Brittingham*, 982 F.2d at 379. This person is typically the warden of the facility in which the petitioner is incarcerated. *Stanley*, 21 F.3d at 360 (citing *Brittingham*, 982 F.2d at 379). "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." *Stanley*, 21 F.3d at 360.

Because petitioner fails to: (1) raise any grounds for relief in his Petition; (2) describe his procedural history in state court; and (3) name his custodian as the respondent to this action, the Petition is DISMISSED. *See* Rule 4, Rules Governing Section 2254 Cases (permitting summary dismissal). Petitioner may,

2 - ORDER

however, file an amended petition curing this deficiency within 30 days.  His failure to do so will result in the dismissal of this case without prejudice.

## **CONCLUSION**

The Clerk is DIRECTED TO REOPEN this case.  The Petition for Writ of Habeas Corpus (#2) is DISMISSED.  Should petitioner wish to continue with this action, he may file an amended petition on the form provided by the court which: (1) sets out specific grounds for relief within the body of the Petition; (2) identifies the manner in which petitioner raised his claim in Oregon's state courts (if at all); and (3) names his custodian as the respondent to this action.  Petitioner's failure to do so within 30 days will result in the dismissal of this case without prejudice.

IT IS SO ORDERED.

DATED this 26 day of May, 2010.

_____
Owen M. Panner
United States District Judge

3 - ORDER